IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY MARTA,

    Plaintiff,

v.                                                                             Civ. No. 23-192 GBW/KRS

CITY OF LAS CRUCES and
MISAEL IBARRA,

    Defendant.

**ORDER GRANTING DEFENDANTS CITY OF LAS CRUCES' AND MISAEL IBARRA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES (DOC. 7)**

THIS MATTER comes before the Court on Defendants City of Las Cruces' and Misael Ibarra's Motion to Dismiss Plaintiff's First Amended Civil Complaint for Damages. *Doc. 10*. Having reviewed the Motion and its attendant briefing (*docs. 16, 18*), and having discussed the Motion with the parties at the trial scheduling conference held on July 6, 2023, *see doc. 29*, the Court will GRANT the Motion.

Plaintiff filed his First Amended Civil Complaint for Damages on March 7, 2023. *See doc. 7*. Plaintiff's First Amended Complaint brings claims under the New Mexico Constitution pursuant to the New Mexico Tort Claims Act against Defendant Misael Ibarra ("Ibarra") for False Arrest, Assault, Battery, and Malicious Abuse of Process, and against Defendant City of Las Cruces for Negligent Supervision or Training. *Id.* at ¶¶ 43-69. The First Amended Complaint also brings claims for violations of Plaintiff's

rights under the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.  *See id.* ¶¶ 70-87.

Defendants filed their Motion to Dismiss Plaintiff's First Amended Civil Complaint for Damages (Doc. 7) on March 22, 2023, seeking dismissal of: (1) any § 1983 claims against Defendant Ibarra in his official capacity, and (2) any § 1983 claims against Defendant City of Las Cruces.  *See doc. 10* at 4.  Plaintiff filed his response on April 12, 2023, stating that Plaintiff is not attempting to bring a § 1983 claim against Defendant City of Las Cruces and emphasizing that "the only cause of action Plaintiff is bringing against the City of Las Cruces is Negligent Supervision and Training under the New Mexico Tort Claims Act."  *Doc. 16* at ¶¶ 1-3.  Plaintiff's response did not address the portion of Defendants' Motion to Dismiss pertaining to his § 1983 claims against Defendant Ibarra.  *See generally doc. 16*.  The Motion to Dismiss was fully briefed on April 13, 2023, with the filing of Defendants' reply.  *See doc. 18*.

At the trial scheduling conference held on July 6, 2023, Plaintiff's counsel confirmed that Plaintiff is not attempting to bring a § 1983 claim against Defendant City of Las Cruces and is only bringing an individual capacity, and not an official capacity, claim under § 1983 against Defendant Ibarra.  *Doc. 29* at 2.  He also clarified that Plaintiff does not oppose the relief sought in the Motion to Dismiss to the extent the Motion does not impact Plaintiff's state claim for Negligent Supervision and Training against Defendant City of Las Cruces.  *See id.*

The Court does not read Defendants' Motion to Dismiss to pertain to Plaintiff's state law claim for Negligent Supervision or Training against Defendant City of Las Cruces.  *See generally doc. 10*.  Having ascertained that the relief sought in Defendants Motion to Dismiss is unopposed, the Court will GRANT the Motion.[1]

IT IS ORDERED that, to the extent Plaintiff's First Amended Complaint could be construed to bring any § 1983 claim against Defendant Ibarra in his official capacity, such claim is DISMISSED without prejudice.

IT IS FURTHER ORDERED that, to the extent the First Amended Complaint could be construed to bring any § 1983 claim against Defendant City of Las Cruces, such claim is DISMISSED without prejudice.

Plaintiff's state law claims against Defendants Ibarra and City of Las Cruces, and Plaintiff's § 1983 claims against Defendant Ibarra in his individual capacity, remain.

---

[1] Plaintiff's counsel's statement at the July 6, 2023, trial scheduling conference that Plaintiff is not pursuing any § 1983 claims against Defendant Ibarra in his official capacity is directly contradictory to language in the First Amended Complaint which explicitly states that "Defendant Ibarra is sued individually and in his official capacity," *see doc. 7* at ¶ 4, and to the First Amended Complaint's caption, which indicates Defendant Ibarra is being sued in both his individual and official capacities, *see id.* at 1. In light of this discrepancy, the Court finds that even if the First Amended Complaint purports to bring an official capacity claim against Defendant Ibarra, such claim is subject to dismissal.  Claims brought against individual defendants in their official capacities under § 1983 are subject to the same standards of liability as *Monell* claims against municipalities, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and the First Amended Complaint entirely fails to allege the existence of any municipal policy or custom that caused the constitutional violations Plaintiff alleges here, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**